## WYLY v. RICHMOND & D. R. CO.

(Circuit Court, N. D. Georgia. June 14, 1894.)

No. 1,074.

REMOVAL OF CAUSES—MOTION TO REMAND—WHEN TOO LATE.

> A motion to remand on the ground that the removal was made after the case was to be treated as on trial under the state practice comes too late after more than a year has elapsed, and after the case has been transferred by consent to the equity docket, treated as an intervention in a pending receivership case, and referred to a special master therein; there being no question as to the jurisdiction of the federal court.

This was an action by George A. Wyly against the Richmond & Danville Railroad Company. Heard on motion to remand to the state court.

Glenn & Slaton, for plaintiff.

Jackson and Leftwich, for defendant.

NEWMAN, District Judge. This is a motion to remand, entered a few days ago. The case was removed to this court on the ground of prejudice and local influence on the 11th day of February, 1893. The Richmond & Danville Railroad and the Georgia Pacific Railroad Company are in the hands of receivers appointed by this court, and were in that situation at the time of removal. A special master had been appointed in the equity case in which the receivers were appointed, to hear all claims by way of intervention against the receivers arising in this district, and suits brought against the corporation. By consent of counsel, an order was taken in the above-stated case after its removal, transferring it to the equity side of the court, and treating it as an intervention in the equity case named, and referring it to the special master in the equity cause. This order was taken on the 23d day of May, 1893. For some reason, unexplained, the case has been delayed before the special master, and counsel for plaintiff now moves to remand it on the ground that it was removed to this court too late. They say, while it was not actually on trial, that substantially, under the ruling and practice in the state court, it had reached a stage at which it was treated as being on trial. No question going to the jurisdiction of this court is raised. The necessary diverse citizenship exists, plaintiff is a resident citizen, defendant being a corporation of the state of Virginia, and the necessary jurisdictional amount is involved. I think the motion to remand comes too late. Of course, if the question raised as to the right of this court to retain it was jurisdictional, and was well taken, no doubt the duty of this court would exist to remand at any stage of the proceeding; but, after the proceeding noted above has been taken in a removed case, it seems to me to be entirely too late, after more than a year has elapsed, to move to remand on the ground that is here set up. The motion to remand will be denied, but the special master will be directed to speed the case by hearing the same, and making a report to this court within 30 days from this date. Let an order be taken to this effect, and let the special master be notified of the same.